1   RON BENDER (SBN 143364)
2   PHILIP A. GASTEIER (130043)
    KRIKOR J. MESHEFEJIAN (SBN 255030)
3   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    10250 Constellation Boulevard, Suite 1700
4   Los Angeles, California 90067
    Telephone:  (310) 229-1234
5   Facsimile:  (310) 229-1244
    Email:  rb@lnbyb.com; pag@lnbyb.com; kjm@lnbyb.com

6   Proposed Counsel for Chapter 11 Debtor and Debtor in Possession

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      SANTA ANA DIVISION

11

12  In re:                          )   Case No. 8:10-bk-26547-RK
                                     )
13  KRYSTAL KOACH, INC.,             )   Chapter 11
                                     )
14        Debtor and Debtor in Possession. )
                                     )   **ORDER ESTABLISHING SALE**
15                                   )   **PROCEDURES FOR SALE OF**
                                     )   **DEBTOR'S ASSETS FREE AND**
16                                   )   **CLEAR OF ALL LIENS, CLAIMS,**
                                     )   **ENCUMBRANCES AND OTHER**
17                                   )   **INTERESTS PURSUANT TO**
                                     )   **SECTIONS 105 AND 363 OF THE**
18                                   )   **BANKRUPTCY CODE**
                                     )
19                                   )
                                     )   Date:      December 7, 2010
20                                   )   Time:      4:00 p.m.
                                     )   Place:     Courtroom 5D
21                                   )              411 West Fourth Street
                                     )              Santa Ana, CA 92701-4593
22                                   )
                                     )
23  _____ )

24

25

26

27

28

FILED & ENTERED

DEC 14 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent        DEPUTY CLERK

On December 7, 2010, the Court held a hearing on the motion (the "Motion") filed by Krystal Koach, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, seeking the entry of an order for an order establishing procedures for the sale of substantially all of the Debtor's assets (collectively referred to herein as the "Sale Property"), free and clear of all liens, claims, encumbrances and other interests pursuant to Sections 105 and 363 of the Bankruptcy Code and granting related relief. Appearances were made at the hearing as set forth on the record of the Court.

Having considered the Motion, the evidence filed in support thereof, no opposition having been filed, and having found notice to have been adequate and appropriate and in accord with Local Bankruptcy Rule 6004-1, and for the findings and reasons set forth on the record,

THE COURT HEREBY ORDERS as follows:

1.    The Motion (Docket #29) is hereby granted in its entirety.

2.    The Debtor is hereby authorized to conduct a sale of the Sale Property following the procedures set forth in Exhibit "A" hereto and incorporated herein by reference.

3.    The Court shall hold a hearing on approval of the sale to the Lead Bidder or other Alternative Transaction (as such terms are defined and more fully described in Exhibit "A" hereto), and to consider objections thereto, if any, on January 6, 2011 at 2:00 p.m.

### ###

DATED: December 14, 2010

_____
United States Bankruptcy Judge

2

**EXHIBIT "A"**

**KRYSTAL KOACH PROPOSED SALE PROCEDURES**

1.      El Molino Advisors, Inc ("El Molino"), which is serving as the Debtor's financial

advisor and marketing consultant, shall continue to seek and respond to interested purchasers

based on the marketing information previously assembled by El Molino, including an electronic

"data room" which contains customary information about the Debtors' business.  El Molino will

share this information, and such other information as may reasonably be requested, with any

prospective buyer who executes a confidentiality agreement (which can be obtained from El

Molino) and who demonstrates to El Molino that the prospective buyer has the reasonable

financial ability to participate in an auction sale process within the required time frame.  To the

extent that viable prospective buyers desire to obtain additional financial information from the

Debtor beyond the information that El Molino compiled, El Molino will make every reasonable

effort to facilitate providing that additional information to the prospective buyer.


Interested parties should contact Lawrence Perkins of El Molino as follows:

Lawrence Perkins

Email: lperkins@elmolinoinc.com

Phone: 213-291-2547

2.      The actual auction sale (the "Auction") will take place on Tuesday, January 4,

2011 (or two business days prior to the sale hearing date, whichever is later) commencing at

10:00 a.m. at 10250 Constellation Boulevard, 17th Floor, Los Angeles, California 90067 or such

other location as determined by El Molino to be in the best interests of the Debtor's estate.

3.      Substantially all of the Debtors' assets are available to be purchased, free and clear

of all liens, claims and interests, except for those assets which are designated as "Excluded

Assets" in the Asset Purchase Agreement (the "Lead Bidder APA") between the Debtor and

Krystal Infinity, LLC, a Nevada Limited Liability Company (the "Lead Bidder").

      4.     In order to be eligible to participate in the auction sale, a prospective bidder will be

required to do the following: (a) Not less than twenty-four hours prior to the Auction, deliver a

deposit in clear funds in the amount of $500,000 (the "Deposit") to the Debtors' bankruptcy

counsel which will be held in a segregated account and which will be non-refundable in favor of

the Debtor's bankruptcy estate if the bidder is deemed to be the winning bidder at the auction

sale, has its bid (and the Debtor's corresponding asset sale) approved by the Bankruptcy Court,

and fails to close its purchase of the Debtor's assets in a timely manner; (b) be deemed to be

financially qualified to participate in the auction sale by El Molino, the Debtor and secured

creditor Comerica Bank (the "Bank"), with the Bankruptcy Court to be the forum to resolve any

disputes in this regard; (c) deliver to El Molino, counsel for the Bank and counsel for the Debtor,

not less than twenty-four hours prior to the Auction, a written markup of the Lead Bidder APA

showing any proposed changes the buyer has to the Lead Bidder APA, which can be obtained

from El Molino; (d) either in the markup of the Lead Bidder APA,  or separately, deliver to El

Molino, counsel for the Bank and counsel for the Debtor, not less than twenty-four hours prior to

the Auction, a written statement demonstrating a willingness to make an offer with total value in

an amount at least equal to the sum of (x) the value offered by the Lead Bidder; plus (y) the

Breakup Fee identified in paragraph 9 below ($300,000), plus (z)  $100,000 (such sum being

referred to herein as the "Minimum Overbid Amount") (which shall be deemed the bidder's offer

to purchase); and (e) deliver to El Molino, counsel for the Bank and counsel for the Debtor, not

less than twenty-four hours prior to the Auction, (i) a written statement identifying any

connection the prospective bidder has to any member of the Debtor's Board of Directors or senior

management at the time the deposit is delivered or, if the connection arises thereafter, as soon as

the connection becomes known; (ii) information as to the identity of the bidder, including if a

corporate or other business entity, the identity of the principals of the bidder entity; and (iii)

current financial statements of the prospective buyer, or such other form of financial disclosure

acceptable to the Debtor, El Molino and the Bank demonstrating the prospective bidder has

sufficient financial resources to close the sale by January 25, 2010.  The submitted APA must not

contain any contingencies to the validity, effectiveness and/or binding nature of the offer,

including without limitation, contingencies for financing, due diligence or inspection.

       5.       If more than one qualified bidder complies with the requirements of paragraph 4

above and appears at the auction sale, El Molino will randomly assign bidding numbers to the

bidders.  The following is how the bidding will work by example if there are three qualified

bidders at the auction sale.  The bidder who is assigned bidding #1 will be required to submit the

first bid, unless the Lead Bidder is assigned bidding #1, in which case the bidder who is assigned

bidding #2 will be required to submit the first bid.  If the first bid is not equal to or greater than

the Minimum Overbid, the initial bidder shall be out and the bidding will pass to the next

sequential number until a qualified bid is received.  Once a bid equal to or greater than the

Minimum Overbid is received, that bid will be deemed a qualified bid and the bidding will then

proceed to the bidder with the next sequential number.  That next bidder will then be required to

submit a bid which is at least $100,000 higher than the qualified bid submitted by the first bidder

or drop out of the auction sale.  The bidding will then turn to the bidders with the next sequential

numbers and then back to bidder #1 and continue (with bidding increments of at least $100,000)

until all bidders but one have dropped out of the auction sale at which point the bidder who made

the highest bid will be deemed the highest bidder, subject to the Bank's credit bid rights.  Once a

bidder elects not to make a bid which is at least $100,000 higher than the previously made

qualifying bid, the bidder will be deemed to have dropped out of the auction and will not be

permitted back into the auction thereafter.  If the Bank does not exercise its credit bid rights, the

bidder who submitted the second highest bid at the auction sale will be deemed to constitute the

winning backup bidder.  The Lead Bidder shall not in any manner be deemed the back up bidder

unless it specifically agrees to said status in writing.

6.    Notwithstanding any other provision of this Order, the Debtor and the Bank shall

collectively decide which bid made at the auction is the highest and best bid for the Debtors'

estates with the greatest weight to be given to the amount of cash consideration being received,

with any disagreement to be resolved by the Bankruptcy Court.

7.    The Debtor's sale of assets to the winning bidder (or the winning backup bidder if

the winning bidder fails to close its purchase in a timely manner) shall be made on an "AS IS

WHERE IS" basis with no representations or warranties other than those representations and

warranties which are specifically provided for in the asset purchase agreement submitted by the

winning bidder (or the winning backup bidder if the winning bidder fails to close its purchase in a

timely manner).

8.    The date and time of the hearing for the Bankruptcy Court to consider approval of

the Debtor's sale of assets to the winning bidder at the auction sale (as well as any request by the

Debtor to assume and assign to the winning bidder any of the Debtor's executory contracts and

unexpired leases that the winning bidder wishes to have assigned to it) will be January 6, 2011 at

2:00 p.m.  Subject only to entry by the Bankruptcy Court of the sale order, the winning bidder

will have until January 25, 2011 to consummate the sale.  If the winning bidder fails to do so, the

winning bidder will be deemed to have forfeited its Deposit unless the Bankruptcy Court or the

Debtor and the Bank agree to provide the winning bidder an extension of time to close.  If the

winning bidder fails to close and forfeits its Deposit, the winning back up bidder will be notified

and will then have fifteen days to close its purchase of the Debtor's assets or will be deemed to

have forfeited its deposit unless the Bankruptcy Court or the Debtor and the Bank agree to

provide the winning backup bidder an extension of time to close.  The Deposit of the backup

bidder will be retained by the Debtor following the conclusion of the auction sale and will be

returned to the backup bidder on the earlier to occur of (i) the closing by the winning bidder of its

purchase of the Debtor's assets or (ii) January 26, 2011 provided the winning bidder has closed its

purchase of the Debtor's assets by that date.

9.    In the event that a competing bid to acquire all or a substantial part of the Assets is

approved by the Court (an "Alternative Transaction") and the Lead Bidder is not the purchaser of

the Acquired Assets as a result, the Lead Bidder shall be entitled to be paid an amount equal to

the reasonable expenses incurred by Buyer's representatives, agents, employees and attorneys and

professionals in connection with its investigation, negotiation, structuring and financing of the

Sale (including, but not limited to, legal, accounting, consulting, auditing, and financial advisory

fees) in an amount up to and including $300,000 (the "Break-Up Fee"),  provided that, the Break-

Up fee shall only be payable if (a) the Lead Bidder agrees in writing at the Auction to be the

backup bidder, and (b) the Alternative Transaction closes.  The Break-Up Fee shall be paid from

the sale proceeds at the Closing of the Alternative Transaction, or as soon thereafter as any

dispute regarding the amount of the Breakup Fee is fully resolved, with such payment to be free

and clear of all claims, liens and interests in or on the property of the Debtor or the Bankruptcy

Estate. An amount equal to the maximum Breakup Fee of $300,000 shall be set aside from the

sale proceeds of the Alternative Transaction until the amount of the Breakup Fee is determined.

Any balance of the $300,000 remaining after payment of the Breakup Fee shall be distributed in

accord with the Cash Collateral Stipulation between the Debtor and the Bank.

10.    All Qualified Bidders shall be deemed to have consented to the core jurisdiction of

the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes

relating to the Auction and/or the Sale.  All asset purchase agreements shall be governed by and construed in accordance with the laws of the State of California.  All Qualified Bidders shall be bound by their bids until conclusion of the Auction.

11.    The bidding procedures set forth herein (other than those provisions governing the Breakup Fee and bid increments) may be modified without any further order of the Bankruptcy Court provided that the Debtors and the Bank agree to such modifications.  Any dispute over any such modifications shall be resolved by the Bankruptcy Court.

1

2

# PROOF OF SERVICE OF DOCUMENT

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

4

5

A true and correct copy of the foregoing document described as ORDER ESTABLISHING SALE PROCEDURES FOR SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

6

7

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On    ,I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

8

9

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On December 8, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

10

11

12

**Courtesy Copy Delivered via Federal Express**
Hon. Robert Kwan

13

U. S. Bankruptcy Court/Santa Ana Division

411 West Fourth Street, Suite 5165

14

Santa Ana, CA  92701-4593

15

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December __, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

18

| December 8, 2010 | John Berwick | /s/ John Berwick |
|---|---|---|
| Date | Type Name | Signature |

19

20

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

21

*January 2010*                                                        **F 9013-3.1**

22

23

24

25

26

27

28

9

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER ESTABLISHING SALE PROCEDURES FOR SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 14, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ron Bender    rb@lnbrb.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Philip A Gasteier    pag@lnbrb.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Aaron J Malo    amalo@sheppardmullin.com
- Kyle J Mathews    kmathews@sheppardmullin.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Thomas E Shuck    malvarado@pmcos.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Krystal Koach Inc
2701 E Imperial Highway
Orange, CA 92821

**TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

⊠  Service information continued on attached page

**

**Secured Creditors and Requests for Special Notice**

Counsel for Comerica Bank  **
Kyle J. Mathews
Sheppard Mullin Richter & Hampton
333 South Hope Street, 43rd Fl.
Los Angeles, CA 90071

Comerica Bank
Attn Director/Officer/Legal Counsel
75 E. Trimble Road, MC 4770
San Jose, CA 95131

Comerica Bank, Successor by Merger
with Comerica Bank-California
75 E. Trimble Road, MC 4770
San Jose, CA 95131

Comerica Bank-California
Attn: Francis Xavier Ferrer
333 W. Santa Clara Street, 12th Fl.
San Jose, CA 95113

Comerica Bank-California
Attn Director/Officer/Legal Counsel
55 Almaden Blvd.
San Jose, CA 95113

Sam Ahmed, First Vice President
Comerica Bank, MC 4605
Western Market
2321 Rosecrans Ave., Suite 5000
El Segundo, CA 90245

Ford Motor Company
Attn: Scott Muse
PO Box 680020, MD 610
Franklin, TN 37068

International Fleet Sales, Inc.
Attn: Corporate Officer
476 McCormick Street
San Leandro, CA 94577

Robert J. Cousins, Esq.
Quintairos, Prieto, Wood & Boyer
One East Broward Blvd., Suite 1400
Fort Lauderdale, Fl 33301

Ford Motor Credit Company LLC
Attn: Elizabeth J. Marshall
One American Rd.
Dearborn, MI 48126

Bob Dickman Tire Center, Inc.
Attn: Corporate Officer
221 W 1st Avenue
Junction City, OR 97448

**20 Largest Unsecured Creditors**

Union Bank/Diana Wilson
445 S. Figueroa Street, Suite 403
Los Angeles CA 90071-0000

Finish Masters Paint Supplies
Attn:  Corporate Officer
9162 Rosecrans
Bellflower CA 90706-0000

Blackhawk Manufacturing Inc.
Attn:  Corporate Officer
3122 South Riverside Ave.
Bloomington CA 92316-3511

Solomon, Winnett & Rosenfield
CPA's Inc.
11777 San Vicente Blvd., Ste 777
Los Angeles CA 90049-0000

Newport Laminates
Attn: Corporate Officer
3121 W. Central Avenue
Santa Ana CA 92704-5302

SE-GI Products, Inc.
Attn: Corporate Officer
1900 Second Street
Norco CA 92860-0000

JPF Glass Stone
Attn:  Corporate Officer
560 N. Waterman, Unit B
San Bernardino CA 92410-0000

Freedman Seating Company
Attn:  Corporate Officer
4451 Solutions Center
Chicago IL 60677-4004

Wells Fargo Equipment Finance, Inc.
ATTN: Brian Borgelt
733 Marquette Avenue, 7th Floor
Minneapolis MN 55402-0000

US Bancorp Equipment Finance, Inc.
ATTN: Glenn Trump
13010 SW 68th Parkway
Portland OR 97223-0000

CIT Equipment Finance, Inc.
ATTN: Sandra Ryan
10201 Centurion Parkway North
Jacksonville FL 32256-0000

National Liability and Fire Insuran
Kelly, Smith & Murrah, P.C.
4305 Yoakum Blvd.
Houston TX 77006-0000

Wabtec - Vapor
Attn:  Corporate Officer
2259 Reliable Parkway
Chicago IL 60686-0000

Quality Metalcraft, Inc.
Attn:  Corporate Officer
33355 Glendale Ave.
Livonia MI 48150-0000

Infinite Innovations
Attn:  Corporate Officer
2881 N. Lecompte
Springfield MO 65803-5730

Bank of America Leasing & Capital
Attn:: Stuart Schwartz
2600 West Big Beaver Road
Troy MI 48084-0000

Reliance Steel Company
Attn: Corporate Officer/Svc Ctr Div
File# 53461
Los Angeles CA 90074-3461

ACC Climate Control
Attn:  Corporate Officer
P. O. Box  1905
Elkhart IN 46515-0000

BASF Corporation
Attn:  Corporate Officer
P.O. Box 121151/Dept. 1151
Dallas TX 75312-1151

Thunder Sky
139 Hennessy Road
**Wanchai Hong Kong, China**