RON BENDER (SBN 143364)
PHILIP A. GASTEIER (130043)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; pag@lnbyb.com; kjm@lnbyb.com

Proposed Counsel for Chapter 11 Debtor
 and Debtor in Possession

FILED & ENTERED

DEC 22 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

KRYSTAL KOACH, INC.,

    Debtor and Debtor in Possession.

Case No. 8:10-bk-26547-RK

Chapter 11

FINAL ORDER AUTHORIZING
DEBTOR TO INCUR POST-PETITION
FINANCING ON A SECURED BASIS

Date: December 21, 2010
Time: 3:30 p.m.
Place: Courtroom 5D
      411 West Fourth Street
      Santa Ana, CA 92701-4593

A final hearing was held on December 21, 2010, at 3:30 p.m., before the Honorable Robert Kwan, United States Bankruptcy Judge, for the Court to consider the emergency motion (the "Emergency Motion") filed by Krystal Koach, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, for authority to incur post-petition financing on a secured basis. Appearances were made at the hearing as set forth on the record of the Court.

The Court, having considered the Emergency Motion, all pleadings filed by the Debtor in support of the Emergency Motion, the Limited Objection filed by the Official Committee of Creditors Holding Unsecured Claims (the "Committee Objection") and the Debtor's Reply thereto, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is granted in its entirety in its entirety.

2. The Debtor is authorized to enter into the Post-Petition Loan and Security Agreement (the "DIP Loan Agreement") dated December 19, 2010, between the Debtor and Seven One Limited, A BVI Company (the "DIP Lender"), a copy of which is attached as Exhibit "1" to the Motion (Docket # 3).

3. The DIP Loan Agreement is approved is approved on a final basis, and the Debtor is authorized to enter into and to sign all documents and agreements necessary to implement the DIP Loan Agreement with the DIP Lender.

4. In connection with consummating the DIP Loan Agreement, the Debtor is authorized to grant to the DIP Lender, and the DIP Lender is hereby granted a security interest in the Collateral, as defined in the DIP Loan Agreement, which security interest shall constitute a first priority lien against all of the Debtor's unencumbered assets (with the exception of avoidance causes of action against which the DIP Lender will not have any lien), and a junior lien against all of the Debtor's encumbered assets, as security for all amounts due or to become due under the DIP Loan Agreement (the "DIP Indebtedness"). The Debtor is not authorized to grant to the DIP Lender any lien against any of its assets which is senior in priority to any lien which already existed on the date of the Debtor's Chapter 11 bankruptcy filings.

5. All liens and security interests on or in the Collateral granted to DIP Lender by this Order and the DIP Loan Agreement shall be, and they hereby are, deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order, landlord or warehousemen lien waivers or other third party consents or other act, shall be required to effect such perfection; provided, however, that notwithstanding the provisions of § 362 of the Bankruptcy Code, (i) DIP Lender may, at its sole option, file or record or cause the Debtor to obtain any such landlord or warehousemen lien waivers or other third party consents or execute, file or record, at the Debtor's expense, any such UCC financing statements, notices of liens and security interests, mortgages and other similar documents as DIP Lender may require, and (ii) DIP Lender may require the Debtor to deliver to DIP Lender any chattel paper, instruments or securities evidencing or constituting any DIP Collateral, and the Debtor is directed to cooperate and comply therewith. DIP Lender may (in its discretion), but shall not be required to, file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in which Debtor shall have real or personal property and such filing or recording shall be accepted and shall constitute further evidence of perfection of DIP Lender's interests in the Collateral.

6. With reference to any action by the DIP Lender upon Default, as defined in the DIP Loan Agreement, the DIP Lender shall provide three business days' notice to the Debtor, the United States Trustee (the "UST"), Comerica Bank and any committee appointed in this Chapter 11 Case (and if no committee has been appointed, each of the Debtor's twenty largest creditors) of said Default. Upon expiration of this notice period, if the Default has not been cured, the DIP Lender shall have the right to seek an order of Bankruptcy Court on five business days' notice to the Debtor, Comerica Bank, the DIP Lender, the UST, and any committee appointed in this Chapter 11 Case (or if no committee has been appointed, each of the Debtor's twenty largest creditors), to exercise the rights and remedies granted it (whether under the Order approving this Loan or the DIP Loan Documents) as to all or such part of the Collateral, including without limitation to take possession of and sell the Collateral in accordance with the terms of the UCC to satisfy the DIP Indebtedness, or to otherwise exercise its remedies as a secured creditor under the

3

UCC, and to seek for any such purpose, relief from the automatic stay of section 362 of the Bankruptcy Code as to the DIP Lender interest and to have same be modified and vacated as to the DIP Lender, if deemed appropriate by the DIP Lender. In no event shall the DIP Lender be subject to the equitable doctrine of "marshalling" or any other similar doctrine with respect to any of the DIP Collateral or otherwise.

7. Nothing included herein shall prejudice, impair, or otherwise affect the DIP Lender's rights to seek any other or supplemental relief in respect of the Debtor nor the DIP Lender's rights, as provided in the DIP Loan Documents or under applicable law, to suspend or terminate the making of loans under the DIP Loan Documents.

8. Subject to the Carve-Out described in decretal paragraph 9 below, and the DIP Loan Documents the DIP Indebtedness shall have the highest administrative priority under § 364(c)(1) of the Bankruptcy Code, and shall have priority over all other costs and expenses of administration of any kind, including those specified in, or ordered pursuant to, §§ 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 or any other provision of the Bankruptcy Code or otherwise (whether incurred in this Chapter 11 Case or any Successor Case), and shall at all times be senior to the rights of Debtor, any successor trustee or estate representative in this Chapter 11 case or any successor case.

9. Subject to the remaining provisions of this Order, DIP Lender's liens on and security interests in the DIP Collateral and its administrative claims under § 364(c)(1) of the Bankruptcy Code shall be subordinate only to (a) any Superpriority Claim of Comerica Bank; and (b) a carve-out (the "Carve-Out") for the payment of (i) unpaid fees and disbursements incurred by professionals (other than ordinary course professionals) retained, pursuant to Sections 327 or 1103(a) of the Bankruptcy Code not to exceed $420,000, plus (ii) quarterly fees required to be paid pursuant to 28 U.S.C. §1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court; provided, however, that the Carve-Out shall not include professional fees, disbursements, costs, or expenses incurred in connection with any claim or cause of action asserted against the Lender. The foregoing provisions are without prejudice to Lender's right to object to any such fees or expenses.

4

10. The DIP Lender does not waive, and expressly reserves, any and all claims, defenses, rights and remedies it has pursuant to any or all of the DIP Loan Documents, the Bankruptcy Code and/or other applicable law against the Debtor any Guarantor and any officer, director, employee, agent or other representative of the Debtor.  In addition, the rights, claims, liens, security interests and priorities of the DIP Lender arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by the Debtor and any Guarantor.  Without limiting the generally of the foregoing, the DIP Lender may petition this Court for any such additional protection that may reasonably require with respect to the DIP Indebtedness or otherwise, and nothing in this Order constitutes a finding with respect to the adequacy of the protection of the interests of the DIP Lender in the DIP Collateral.

11. The provisions of this Order shall be binding upon and inure to the benefit of DIP Lender, the Debtor, any Guarantor and their respective successors and assigns (including any trustee or other estate representative appointed as a representative of the Debtor's estate or of any estate in any successor case).  Except as otherwise explicitly set forth in this Order, no third parties are intended to be or shall be deemed to be third party beneficiaries of this Order or the DIP Loan Documents.

12. If this Chapter 11 Case is dismissed, converted, otherwise superseded or substantively consolidated, DIP Lender's rights and remedies under this Order and the DIP Loan Documents shall be and remain in full force and effect as if such Chapter 11 Case had not been dismissed, converted, superseded or substantively consolidated.  Furthermore, notwithstanding any such dismissal, conversion, supervision or substantive consolidation, all of the terms and conditions of this Order, including, without limitation, the liens and the priorities granted hereunder, shall remain in full force and effect.

13. Based on the representations made by the Debtor in the Emergency Motion and at the hearing on the Emergency Motion, any post-petition loan consummated between the Debtor and the DIP Lender would constitute post-petition credit extended to the Debtor in good faith,

1 | which would entitled the DIP Lender to the protections afforded by Section 364(e) of the

2 | Bankruptcy Code.

3 |     14.    To the extent not withdrawn, all objections to the Emergency Motion are

4 | overruled.

5 | ###

DATED: December 22, 2010

_____
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described as FINAL ORDER AUTHORIZING DEBTOR TO INCUR POST-PETITION FINANCING ON A SECURED BASIS will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On      ,I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On December 21, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Courtesy Copy Delivered via Federal Express**
Hon. Robert Kwan
U. S. Bankruptcy Court/Santa Ana Division
411 West Fourth Street, Suite 5165
Santa Ana, CA  92701-4593

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December __ , 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | John Berwick | /s/ John Berwick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2010*                                                                                                                **F 9013-3.1**

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **FINAL ORDER AUTHORIZING DEBTOR TO INCUR POST-PETITION FINANCING ON A SECURED BASIS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 22, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ron Bender    rb@lnbrb.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Philip A Gasteier    pag@lnbrb.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Aaron J Malo    amalo@sheppardmullin.com
- Kyle J Mathews    kmathews@sheppardmullin.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Nathan A Schultz    schultzn@gtlaw.com
- Thomas E Shuck    malvarado@pmcos.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor, Krystal Koach Inc, 2701 E Imperial Highway, Orange, CA 92821

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

⊠    Service information continued on attached page

**Secured Creditors and Requests for Special Notice**

| | | |
|---|---|---|
| Counsel for Comerica Bank<br>Kyle J. Mathews<br>Sheppard Mullin Richter & Hampton<br>333 South Hope Street, 43rd Fl.<br>Los Angeles, CA 90071 | Comerica Bank<br>Attn Director/Officer/Legal Counsel<br>75 E. Trimble Road, MC 4770<br>San Jose, CA 95131 | Comerica Bank, Successor by Merger with Comerica Bank-California<br>75 E. Trimble Road, MC 4770<br>San Jose, CA 95131 |
| Comerica Bank-California<br>Attn: Francis Xavier Ferrer<br>333 W. Santa Clara Street, 12th Fl.<br>San Jose, CA 95113 | Comerica Bank-California<br>Attn Director/Officer/Legal Counsel<br>55 Almaden Blvd.<br>San Jose, CA 95113 | International Fleet Sales, Inc.<br>Attn: Corporate Officer<br>476 McCormick Street<br>San Leandro, CA 94577 |
| Office of The United States Trustee<br>411 West Fourth Street<br>Suite 9041<br>Santa Ana, CA 92701 | Robert J. Cousins, Esq.<br>Quintairos, Prieto, Wood & Boyer<br>One East Broward Blvd., Suite 1400<br>Fort Lauderdale, Fl 33301 | Ford Motor Credit Company LLC<br>Attn: Elizabeth J. Marshall<br>One American Rd.<br>Dearborn, MI 48126 |
| Bob Dickman Tire Center, Inc.<br>Attn: Corporate Officer<br>221 W 1st Avenue<br>Junction City, OR 97448 | Ford Motor Company<br>Attn: Scott Muse<br>PO Box 680020, MD 610<br>Franklin, TN 37068 | |

**20 Largest Unsecured Creditors**

| | | |
|---|---|---|
| Union Bank/Diana Wilson<br>445 S. Figueroa Street, Suite 403<br>Los Angeles CA 90071-0000 | Finish Masters Paint Supplies<br>Attn:  Corporate Officer<br>9162 Rosecrans<br>Bellflower CA 90706-0000 | Blackhawk Manufacturing Inc.<br>Attn:  Corporate Officer<br>3122 South Riverside Ave.<br>Bloomington CA 92316-3511 |
| Solomon, Winnett & Rosenfield<br>CPA's Inc.<br>11777 San Vicente Blvd., Ste 777<br>Los Angeles CA 90049-0000 | Newport Laminates<br>Attn:  Corporate Officer<br>3121 W. Central Avenue<br>Santa Ana CA 92704-5302 | SE-GI Products, Inc.<br>Attn:  Corporate Officer<br>1900 Second Street<br>Norco CA 92860-0000 |
| JPF Glass Stone<br>Attn:  Corporate Officer<br>560 N. Waterman, Unit B<br>San Bernardino CA 92410-0000 | Freedman Seating Company<br>Attn:  Corporate Officer<br>4451 Solutions Center<br>Chicago IL 60677-4004 | Wells Fargo Equipment Finance, Inc.<br>ATTN: Brian Borgelt<br>733 Marquette Avenue, 7th Floor<br>Minneapolis MN 55402-0000 |
| US Bancorp Equipment Finance, Inc.<br>ATTN: Glenn Trump<br>13010 SW 68th Parkway<br>Portland OR 97223-0000 | CIT Equipment Finance, Inc.<br>ATTN: Sandra Ryan<br>10201 Centurion Parkway North<br>Jacksonville FL 32256-0000 | National Liability and Fire Insuran<br>Kelly, Smith & Murrah, P.C.<br>4305 Yoakum Blvd.<br>Houston TX 77006-0000 |
| Wabtec - Vapor<br>Attn:  Corporate Officer<br>2259 Reliable Parkway<br>Chicago IL 60686-0000 | Quality Metalcraft, Inc.<br>Attn:  Corporate Officer<br>33355 Glendale Ave.<br>Livonia MI 48150-0000 | Infinite Innovations<br>Attn:  Corporate Officer<br>2881 N. Lecompte<br>Springfield MO 65803-5730 |
| Bank of America Leasing & Capital<br>Attn:: Stuart Schwartz<br>2600 West Big Beaver Road<br>Troy MI 48084-0000 | Reliance Steel Company<br>Attn: Corporate Officer/Svc Ctr Div<br>File# 53461<br>Los Angeles CA 90074-3461 | ACC Climate Control<br>Attn:  Corporate Officer<br>P. O. Box  1905<br>Elkhart IN 46515-0000 |
| BASF Corporation<br>Attn:  Corporate Officer<br>P.O. Box 121151/Dept. 1151<br>Dallas TX 75312-1151 | Thunder Sky<br>139 Hennessy Road<br>**Wanchai Hong Kong, China** | |