```
 1  RON BENDER (SBN 143364)
    PHILIP A. GASTEIER (130043)
 2  KRIKOR J. MESHEFEJIAN (SBN 255030)
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
 3  10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
 4  Telephone: (310) 229-1234
 5  Facsimile: (310) 229-1244
    Email: rb@lnbyb.com; pag@lnbyb.com; kjm@lnbyb.com
 6
 7  Counsel for Chapter 11 Debtor and Debtor in Possession
```

**FILED & ENTERED**

**JAN 07 2011**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRYSTAL KOACH, INC.,<br><br>    Debtor and Debtor in Possession. | Case No. 8:10-bk-26547-RK<br><br>Chapter 11<br><br>**ORDER: (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**<br><br>Date:  January 6, 2011<br>Time:  2:00 p.m.<br>Place:  Courtroom 5D<br>         411 West Fourth Street<br>         Santa Ana, CA 92701 |

A hearing on the Motion For Entry Of An Order (A) Authorizing The Sale Of

Substantially All Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And

1

Interests; (B) Authorizing and Approving Assumption and Assignment of Executory Contracts and Leases; And (C) Granting Related Relief (the "<u>Motion</u>"), pursuant to 11 U.S.C. §§ 105(a), 363(c), 363(f), and 365, Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9019, and Local Bankruptcy Rules 6004-1 and 9013-1, filed by Krystal Koach, Inc., a California corporation, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "<u>Debtor</u>"), was held before the undersigned United States Bankruptcy Judge on January 6, 2011. Appearances were as noted in the record.

The Court having reviewed and considered the Motion and supporting papers, no objection having been filed, and having heard the arguments of counsel at the hearing; counsel for the Debtor having advised the Court that no other offers for the Acquired Assets (defined herein) were received pursuant to the Sale Procedures approved by Order entered December 8, 2010, and no other party having appeared to present an offer at the hearing; the Court having found that notice of the Motion was proper and sufficient in the circumstances; it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; counsel for the Debtor, the proposed purchaser and the Official Committee of Creditors Holding Unsecured Claims (the "Committee") having informed the Court on the record of certain modifications of terms as reflected in this Order to which the Debtor, the Buyer, Edward P. Grech ("Grech"), Comerica and the Committee have agreed; and the Court being otherwise fully advised in the premises and having stated its findings and conclusions on the record in open Court at the hearing; good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1.    The Motion is granted as set forth herein.

2. As evidenced by the declarations of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion and the hearing thereon and the proposed Sale has been provided in accordance with 11 U.S.C. §§ 102(1) 362 and 365 and Bankruptcy Rules 2002, 6004 and 6005, and no other or further notice of the Motion, the hearing or of the entry of this order is required.

3. The Asset Purchase Agreement dated as of November 19, 2010, between the Debtor and Krystal Infinity, LLC (the "Buyer"), as amended by Amendment No. 1, dated December 16, 2010 (the "<u>Agreement</u>"), a copy of which is attached to the Motion (Docket #64) as Exhibit "A", is hereby approved. Any terms not specifically defined herein shall have the meanings ascribed to them in the Agreement.

4. The sale (the "Sale") to the Buyer of all of the assets of Debtor identified as the "Acquired Assets" in the Agreement, which shall not include those assets identified in the Agreement as the "Excluded Assets", in exchange for the Cash Payment of $9 million, against which shall be credited the DIP Loan in the amount of $2.5 million, and the assumption by Buyer of the Assumed Liabilities as provided in section 2.1(a) of the Agreement, is hereby approved and confirmed pursuant to 11 U.S.C. §363, such sale to be free and clear of any and all liens, encumbrances, claims, rights, demands, charges, mortgages, options, pledges, security interests or similar interests, easements, rights of way, covenants, encroachments, rights of first refusal, preemptive rights, judgments, conditional sale or other title retention agreements and other impositions or imperfections of title or restrictions on transfer of any nature (collectively, the "Interests") pursuant to 11 U.S.C. §363(f), other than Permitted Encumbrances and Assumed Liabilities.

5. Pursuant to 11 U.S.C. §§ 363(b) and (f) and 365(b), the Debtor and its officers, employees and agents, are authorized, empowered, and, subject to the terms of the Agreement

and this Order, directed to execute, deliver, and perform under, consummate, and implement the Agreement together with all additional instruments and documents that are requested by the Buyer and may be reasonably necessary or desirable to implement the Agreement, and to take any and all actions as Debtor deems necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to possession of the Buyer, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6. The terms and provisions of the Agreement and the Order shall be binding in all respects upon all persons, including, but not limited to, the Debtor and its estates and creditors and all governmental bodies.

7. Pursuant to 11 U.S.C. §§105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing the transfer of the Acquired Assets to Buyer pursuant to the Agreement shall constitute a legal, valid, and effective transfer of the Acquired Assets and shall vest the Buyer with all right, title, and interest in and to the Acquired Assets free and clear of Interests other than Permitted Encumbrances and Assumed Liabilities. Except as expressly permitted or otherwise specifically provided by the Agreement or this Order, all persons and entities (including, but not limited to, all equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors) holding Interests of any kind or nature whatsoever in or against the Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to the Debtor or the Acquired Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Acquired Assets to the Buyer, shall be and hereby are forever barred and estopped from asserting against

Buyer, its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Interests.

8.   This Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated (other than the Assumed Liabilities), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

9.   Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

10.   If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Acquired Assets shall not have delivered to the Debtor, prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Acquired Assets, then (a) such persons are authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets and (b) the Buyer is authorized to file, register, or otherwise record a certified copy of this Order, which,

once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Acquired Assets of any kind or nature whatsoever.

11. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to the Buyer on the Closing Date.

12. In addition to the Assumed Liabilities as described in the Agreement, as of the Closing Date, the Buyer shall assume and shall be deemed to have assumed all then unpaid obligations for expenses incurred by the Debtor in the ordinary course of its operations from and after the Petition Date of November 19, 2010 through the Closing Date. Except as otherwise specifically provided herein or in the Agreement, the Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Acquired Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Agreement, the Buyer shall not be liable for any claims against the Debtor, or any of its predecessors or affiliates, except as set forth in the Agreement as Assumed Liabilities, and the Buyer shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date.

13. Under no circumstances shall the Buyer be deemed a successor of, or to, the Debtor for any Interest in or against the Debtor or the Acquired Assets, of any kind or nature whatsoever. All persons holding Interests in or against the Debtor or the Acquired Assets, of any kind or nature whatsoever, shall be and hereby are forever barred and estopped from asserting, prosecuting, or otherwise pursuing such Interests against the Buyer, its property, its successors and assigns, or the Acquired Assets with respect to any Interests of any kind or nature

6

whatsoever such person or entity had, has, or may have in or against the Debtor, its estate, officers, directors, shareholders or the Acquired Assets. Following the Closing Date, no holder of any Interests in or against the Debtor shall interfere with the Buyer's title to, or use and enjoyment of, the Acquired Assets based on or related to such Interests.

14.     Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the further terms of this Order and the Closing of the Sale, the Debtor's assumption and assignment to the Buyer on the terms set forth in the Agreement, of all Assigned Contracts identified in the motion and schedule 15.2 to the Agreement is approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are deemed satisfied. For the avoidance of doubt the term "Assigned Contracts" does not include any documents with or for the benefit of Comerica Bank.

15.     Except as provided in this Order, the Debtor is hereby authorized and directed, in accordance with 11 U.S.C. §§ 105(a) and 365, to (a) assume and assign to the Buyer, effective upon the Closing of the Sale, all Assigned Contracts free and clear of all Interests of any kind or nature whatsoever, and (b) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer such Assigned Contracts to the Buyer.

16.     The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract that prohibits, restricts, or conditions such assignment or transfer, and, pursuant to 11 U.S.C. § 365(k), the Debtor shall be relieved from any further liability with respect to such Assigned Contracts after their assignment to and assumption by the Buyer.

17.     All defaults or other obligations of the Debtor under the Assigned Contracts arising or accruing prior to the date of this Order (without giving effect to any acceleration

clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) and all compensation for damages with respect to the Assigned Contracts (the "Cure Claims") shall be cured by the Buyer at the Closing of the Sale in the amounts set forth in Exhibits G-1 through G-8 to the Motion, and the Debtor shall have no liability or obligation arising or accruing with respect to Cure Claims.

18. Each non-Debtor party to an Assigned Contract is hereby forever barred and estopped from asserting against the Debtor, the Buyer, the Acquired Assets, or the property of either of them, any default existing as of the Closing Date or, as against the Buyer, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor with respect to the Assigned Contracts. Subsequent to the Closing, no claims other than Cure Claims may be asserted against the Debtor with respect to the Assigned Contracts.

19. The failure of the Debtor or the Buyer to enforce, at any time, one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Debtor's and the Buyer's rights to enforce every term and condition of the Assigned Contracts.

20. The terms and provisions of the Agreement, any ancillary closing agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, the Buyer and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of this case to a case under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding. The Agreement and the transactions contemplated thereby may be specifically enforced against, and shall not be subject to rejection or avoidance by, the Debtor or any Chapter 7 or Chapter 11 Trustee of Debtor.

21. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not constitute a material modification of such instrument.

22. The failure specifically to include any particular provisions of the Agreement or the ancillary agreements in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement and the ancillary agreements be authorized and approved in their entirety.

23. To the extent of any inconsistency between the provisions of this Order, the Agreement, and any documents executed in connection therewith, the provisions contained in the Agreement and the Order and any documents executed or delivered in connection therewith shall govern, in that order; provided, however, that (i) the first sentence of paragraph 12 of this order, and (ii) the entirety of paragraph 31 of this Order, shall control in all instances to the extent of any inconsistency with the Agreement, any other provision of this Order, any ancillary document, or otherwise.

24. Nothing contained in any chapter 11 plan confirmed in this chapter 11 case or any Order of this Court confirming such plan or any other order entered in this chapter 11 case (or any converted chapter 7 case) shall conflict with or derogate from the provisions of the Agreement, to the extent modified by this Order, or the terms of this Order regarding the subject thereof.

25. In the event that this chapter 11 case is dismissed or converted to a chapter 7 case, or a trustee is appointed (whether under chapter 11 or 7), neither the dismissal nor conversion of this case, nor the appointment of such a trustee, shall affect, in any manner, the rights of the

Buyer under the Agreement or this Order, or any other agreements executed by Debtor in conjunction with the Agreement, and such agreements shall remain in full force and effect as if the case had not been dismissed or converted or a trustee had not been appointed.

26. This Order shall take immediate effect and the 14-day appeal period provided by Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) are hereby waived for cause so that the Closing under the Agreement may take place immediately.

27. Except as provided in the Agreement, this Order or any other order of this Court, the Debtor and its estate shall have no further liabilities or obligations with respect to the Assumed Liabilities after the Closing, and all holders of such claims are forever barred and estopped from asserting such claims against the Debtor, its successors or assigns, its property or its assets.

28. Any and all oppositions to the motion not heretofore withdrawn are overruled.

29. The Agreement was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's-length bargaining positions; accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyer, unless the Closing of the Sale is duly stayed pending such appeal. Buyer has acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code and is a good faith buyer entitled to all of the protections afforded by that Section.

30. At the Closing, the Debtor is authorized to disburse (a) $6,000,000 of the sale proceeds to Comerica Bank, to be applied to the indebtedness of the Debtor under the Pre-Petition Revolving Loans as defined in the Stipulation Regarding Use of Cash Collateral and to Provide Adequate Protection between the Debtor and Comerica Bank approved by Order entered December 22, 2010 (Docket #78), subject to he terms of such Stipulation and Order ;and (b)

$500,000.00 to the trust account of Debtor's counsel to be held in trust, pending further order of this Court (the "Estate Funds"), which Estate Funds shall remain with the Debtor's estate to be used to fund the wind down of the Debtor's estate and to distribute the remaining balance to claim holders in accordance with their priorities under the Bankruptcy Code, free and clear of any of Comerica's liens and the liens of any other party.  Upon the Closing and credit of the DIP Loan to the Purchase Price, the DIP Loan shall be cancelled and all obligations of the Debtor's estate in connection therewith satisfied in full.

31. Notwithstanding anything to the contrary herein, in the Agreement or any ancillary document or otherwise, and for avoidance of doubt:

a) Pursuant to (but not limited by) section 13.2 of the Agreement, and effective upon the Closing, Buyer and its affiliates, including, without limitation, the entity referred to as Thunder Sky in the Debtor's list of 20 largest creditors holding unsecured claims, irrevocably and unconditionally waive any right to distribution on any claims of any nature or priority in the Debtor's above-captioned bankruptcy case No. 8:10-bk-26547-RK;

b) Effective upon the Closing, Grech and his affiliates, including, without limitation, Imperial Highway, LLC, Krystal Enterprises, LLC, and Krystal International, irrevocably and unconditionally waive any right to distribution on any claims of any nature or priority in the Debtor's above-captioned bankruptcy case No. 8:10-bk-26547-RK;

c) Effective upon the Closing, Edson Financial, Inc. irrevocably and unconditionally waives any right to distribution on any claims of any nature or priority in the Debtor's above-captioned bankruptcy case No. 8:10-bk-26547-RK; and

d) Notwithstanding anything to the contrary in the definition of "Excluded Assets" in the Agreement or otherwise, nothing in the Agreement, this Order, any ancillary document or otherwise shall transfer or release any cause of action, including, without limitation,

1  claims for the recovery of preferential transfers, fraudulent conveyances, or other avoidance

2  actions under federal or state law, against Grech and/or any other party that is not specifically

3  identified as an exception to the general exclusion contained in clause (a) of the definition of

4  "Excluded Assets" in the Agreement (such parties specifically identified as an exception to the

5  general exclusion are referred to herein as the "Excluded Entities"), including, without limitation,

6  

7  for recovery from any Other Avoidance Defendants[2] under section 550(a) of the Bankruptcy

8  Code based on transfers made to any Excluded Entity.

9  //

10  //

11  //

---

[2]  "Other Avoidance Defendants" means (i) any entity for whose benefit a transfer was made (excluding the initial transferee), and (ii) any immediate or mediate transferee of an initial transferee. For the avoidance of doubt, the "Other Avoidance Defendants" does not include the Excluded Entities.

32.  This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction (a) to compel delivery of the Assets to the Buyer, (b) to resolve any disputes arising under or related to the Agreement, (c) to interpret, implement, and enforce the provisions of the Order, and (d) to protect the Buyer against any Interests in or against the Buyer or the Assets, of any kind or nature whatsoever.

**IT IS SO ORDERED.**

###

DATED: January 7, 2011

_____
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as: **ORDER: (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

*N/A*

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL OR ATTORNEY SERVICE:** On **January 6, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service and/or by attorney service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

***Served via Overnight Express***
Hon. Robert Kwan
U. S. Bankruptcy Court/Santa Ana Division
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 6, 2011 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled**: ORDER: (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**, was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **January 7, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ron Bender    rb@lnbrb.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Philip A Gasteier    pag@lnbrb.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Aaron J Malo    amalo@sheppardmullin.com
- Kyle J Mathews    kmathews@sheppardmullin.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Nathan A Schultz    schultzn@gtlaw.com
- Thomas E Shuck    malvarado@pmcos.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Krystal Koach Inc
2701 E Imperial Highway
Orange, CA 92821

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

[X] Service list attached

**III. TO BE SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| Union Bank/Diana Wilson<br>445 S. Figueroa Street, Suite 403<br>Los Angeles CA 90071-0000 | Jason P. Trenton, Esq.<br>McDermott Will & Emery LLP<br>2049 Century Park East, 38th Floor<br>Los Angeles, CA 90067-3218 | Greenberg Traurig, LLP<br>*Counsel for Creditor's Committee*<br>2450 Colorado Ave Ste 400E<br>Santa Monica, CA 90404<br>Attn: Nathan A. Schultz, Esq. |
| Solomon, Winnett & Rosenfield CPA's Inc.<br>11777 San Vicente Blvd., Suite 777<br>Los Angeles CA 90049-0000 | Finish Masters Paint Supplies<br>Attn: Corporate Officer<br>9162 Rosecrans<br>Bellflower CA 90706-0000 | Blackhawk Manufacturing Inc.<br>Attn: Corporate Officer<br>3122 South Riverside Ave.<br>Bloomington CA 92316-3511 |
| JPF Glass Stone<br>Attn: Corporate Officer<br>560 N. Waterman, Unit B<br>San Bernardino CA 92410-0000 | Newport Laminates<br>Attn: Corporate Officer<br>3121 W. Central Avenue<br>Santa Ana CA 92704-5302 | SE-GI Products, Inc.<br>Attn: Corporate Officer<br>1900 Second Street<br>Norco CA 92860-0000 |
| US Bancorp Equipment Finance, Inc.<br>ATTN: Glenn Trump<br>13010 SW 68th Parkway<br>Portland OR 97223-0000 | Freedman Seating Company<br>Attn: Corporate Officer<br>4451 Solutions Center<br>Chicago IL 60677-4004 | Wells Fargo Equipment Finance, Inc.<br>ATTN: Brian Borgelt<br>733 Marquette Avenue, 7th Floor<br>Minneapolis MN 55402-0000 |
| Wabtec - Vapor<br>Attn: Corporate Officer<br>2259 Reliable Parkway<br>Chicago IL 60686-0000 | CIT Equipment Finance, Inc.<br>ATTN: Sandra Ryan<br>10201 Centurion Parkway North<br>Jacksonville FL 32256-0000 | National Liability and Fire Insurance<br>Kelly, Smith & Murrah, P.C.<br>4305 Yoakum Blvd.<br>Houston TX 77006-0000 |
| Bank of America Leasing & Capital,<br>ATTN: Stuart Schwartz<br>2600 West Big Beaver Road<br>Troy MI 48084-0000 | Quality Metalcraft, Inc.<br>Attn: Corporate Officer<br>33355 Glendale Ave.<br>Livonia MI 48150-0000 | Infinite Innovations<br>Attn: Corporate Officer<br>2881 N. Lecompte<br>Springfield MO 65803-5730 |
| BASF Corporation<br>Attn: Corporate Officer<br>P.O. Box 121151/Dept. 1151<br>Dallas TX 75312-1151 | Reliance Steel Company<br>Attn: Corporate Officer/Svc Ctr Div<br>File# 53461<br>Los Angeles CA 90074-3461 | ACC Climate Control<br>Attn: Corporate Officer<br>P. O. Box 1905<br>Elkhart IN 46515-0000 |
| Kyle J. Mathews<br>Sheppard Mullin Richter & Hampton, LLC<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071 | Thunder Sky<br>139 Hennessy Road<br>**Wanchai Hong Kong, China** | Ford Motor Company<br>Attn: Scott Muse<br>PO Box 680020, MD 610<br>Franklin, TN 37068 |

| | | |
|---|---|---|
| Comerica Bank-California<br>Attn: Francis Xavier Ferrer<br>333 W. Santa Clara Street<br>12th Floor<br>San Jose, CA 95113 | Comerica Bank<br>Attn Director/Officer/Legal Counsel<br>75 E. Trimble Road, MC 4770<br>San Jose, CA 95131 | Comerica Bank, Successor by Merger<br>with Comerica Bank-California<br>75 E. Trimble Road, MC 4770<br>San Jose, CA 95131 |
| Office of The United States Trustee<br>411 West Fourth Street<br>Suite 9041<br>Santa Ana, CA 92701 | Comerica Bank-California<br>Attn Director/Officer/Legal Counsel<br>55 Almaden Blvd.<br>San Jose, CA 95113 | International Fleet Sales, Inc.<br>Attn: Corporate Officer<br>476 McCormick Street<br>San Leandro, CA 94577 |
| Bob Dickman Tire Center, Inc.<br>Attn: Corporate Officer<br>221 W 1st Avenue<br>Junction City, OR 97448 | Robert J. Cousins, Esq.<br>Quintairos, Prieto, Wood & Boyer<br>One East Broward Blvd.<br>Suite 1400<br>Fort Lauderdale, Fl 33301 | Ford Motor Credit Company LLC<br>Attn: Elizabeth J. Marshall<br>One American Rd.<br>Dearborn, MI 48126<br>MI Tel. 313-322-3000 |
| Ally Financial<br>P.O. Box 9001948<br>Louisville, KY 40290 | Westrux International Inc.<br>1555 Valley View Avenue<br>Santa Fe Springs, CA 90670 | Ford Motor Company<br>P.O. Box 70511<br>Chicago, IL 60673 |
| Ford Motor Company<br>The American Road<br>Dearborn, MI 48126 | Krystal (Dallan) Automotive<br>Sales Co., Ltd.<br>3533 S. Oak Valley Place<br>Diamond Bar, CA 91765 | Metlife - Safeguard<br>95 Enterprise, Suite 200<br>Aliso Viejo, CA 92656 |
| Kindleberger Consulting<br>44675 Adobe Drive<br>Hemet, CA 92544 | Sage Software, Inc.<br>1380 Tartan trail Road<br>Burlingame, CA 94010 | Toshiba Financial Services<br>Integrated Office Technology<br>12335 McCann Drive<br>Santa Fe Springs, CA 90670 |
| Pitney-Bowes<br>C/O Ct Corporation<br>818 West 7th Street<br>Los Angeles, CA 90017 | Imperial Highway, LLC<br>2701 East Imperial Highway, LLC<br>Brea, CA 92821 | |